UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CRAIG K. DELIGDISH,**

      **Plaintiff,**

v.                                                                                 **Case No: 6:23-cv-417-DCI**

**DAVID BENDER,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion for Relief from Order (Doc. 153)
>
> **FILED:** July 31, 2024
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On September 20, 2023, the Court entered a Case Management Scheduling Order (CMSO) and set the deadline to disclose the expert report as June 3, 2024 for Plaintiff and July 3, 2024 for Defendant.  Doc. 44.  On June 4, 2024, the Court granted a joint motion to extend those deadlines to June 24, 2024 for Plaintiff and July 24, 2024 for Defendant.  Docs. 118, 119.  On the last day of the deadline, Plaintiff filed a motion for an additional 30 days to comply.  Doc. 133 (the Motion for Extension).  By Order dated July 11, 2024, the Court denied the request because Plaintiff did not include a legal memorandum in violation of Local Rule 3.01(a) and Plaintiff failed to identify or meet any of the relevant legal standards for extension of a deadline under the CMSO or Federal Rule of Civil Procedure 16(b)(4).  Doc. 138 (the Order).  Plaintiff's explanation regarding

Defendant's ongoing discovery disclosures or responses, a glitch in some software, and the expert's travel overseas did not demonstrate that Plaintiff acted with diligence in meeting the already extended deadline. *Id*. The Court also expressed that it takes a dim view of a party who seeks to extend a deadline on the date of the deadline—as Plaintiff did here—because the party in effect makes no provision for a denial of the request. *Id*.

Pending before the Court is Plaintiff's Motion for Relief from the Order brought pursuant to Federal Rule of Civil Procedure 60(b). Doc. 153 (the Motion). Plaintiff presents additional information as background in support of his assertion that his efforts to meet the June 24, 2024 deadline were in fact diligent and offers reasons why he should be relieved from the Order due to mistake, inadvertence, and excusable neglect. *Id*. Defendant has filed a Response opposing the request under Rule 60 and includes an additional attack on the expert and the report. Doc. 159.

The Court will not reach the merits of the report or the expert's qualifications because Plaintiff is not entitled to relief under Rule 60. Rule 60 provides that a court may relieve a party from a prior judgment or order if the party shows the following: mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Also, the decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration for abuse of discretion). "The court's reconsideration of a prior order is an extraordinary remedy and exercise of this power must be used sparingly." *Lahey v.*

*State Farm Mut. Auto Ins. Co.*, 2008 WL 1766764, at *1 (M.D. Fla. Apr. 17, 2008) (citing *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority*, 814 Supp. 1072, 1072-73 (M.D. Fla. 1993)).

Here, Plaintiff again contends—as he did in the Motion for Extension—that Defendant did not supply certain information Plaintiff deems necessary for an analysis of Plaintiff's damages until February 25, 2024, and, therefore, Plaintiff could not obtain an expert report until that time. *Id*. at 4.  Plaintiff now explains that within weeks of Defendant's production he narrowed the list of experts, continued the vetting process, and ultimately selected the expert on April 19, 2024.  *Id*.

Plaintiff states that it eventually became apparent that the expert would not be able to meet the original June 3, 2024 deadline and the parties jointly requested the first extension.  *Id*. at 5-6. Plaintiff represents that on June 20, 2024—a few days before the current June 24, 2024 deadline— his counsel's office learned from the expert for the first time that the preliminary report would not be timely completed and an additional 30 days was required.  *Id*.  Counsel also learned that the expert "traveled to India, which created significant and unforeseen communication disruptions between Plaintiff's counsel's office and [the expert] concerning the status of the expert report." *Id*. at 6-7.  Plaintiff states that the expert eventually completed the report, counsel reviewed it, and "filed [the instant Motion] as soon as reasonably possible after such receipt and review."  *Id*. at 7-8.

> With respect to Plaintiff's relief sought pursuant to Rule 60(b)(1), Plaintiff states that:
>
> Plaintiff's failure to file a timelier Second Motion for Extension was the result of both inadvertence and excusable neglect or mistake on the part of [the expert], who was working diligently to complete his expert report but underestimated the amount of time it would take to do so.  In addition, Plaintiff's counsel's failure to include a memorandum of law in the Second Motion for Extension was due entirely to inadvertence, and in finding that Plaintiff failed to demonstrate how Defendant's deposition transcript might affect [the expert's] analysis and report, the Court may have been mistaken concerning [the expert's] role in quantifying Plaintiff's

damages, which is dependent in part on the extent of publication as set forth in Somal's attached expert report.

*Id*. at 11.  As to the inadvertence and excusable neglect, Plaintiff adds:

> In regard to Plaintiff's failure to include a memorandum of law in the Second Motion for Extension, that was the result of inadvertence and excusable neglect. Plaintiff's counsel was not notified until the afternoon of Friday, June 21 that Defendant's counsel objected to the second extension of time, and June 24 was Plaintiff's counsel's first day returning from a weeklong absence from the office so that the inclusion of a memorandum of law – which Plaintiff has included in his other filings in this case – was inadvertently overlooked.
>
> Next, while Plaintiff's Second Motion for Extension contained a recitation of facts demonstrating reasonable diligence on the part of Plaintiff and his counsel, the extremely limited amount of time in which Plaintiff's counsel had to prepare and file the Second Motion for Extension, together with the circumstances of his return to the office after an extended absence, led to a truncated version of facts being included in that motion, which is corrected and explained in proper detail above.

*Id*. at 12.  Plaintiff contends that "[w]hile it is unfortunate the Second Motion for Extension was filed on the last day of the first extension period, the same was not an intention or strategic decision on Plaintiff's part."  *Id*. at 14.  Plaintiff also asserts that relief is warranted under Rule 60(b)(6) because he timely filed the Motion for Extension, and the report is from the sole expert Plaintiff intends to rely upon at trial.  Plaintiff states that if the expert is not permitted to testify at trial, then Plaintiff will be unable to support expert evidence on damages, which may preclude recovery.  *Id*. at 15-16.  Overall, Plaintiff argues that these facts and others set forth in the Motion together with the expert report—attached to the Motion—support the additional 30-day extension.[1]  *Id*. at 13.

---

[1] Plaintiff claims that even though it may be true that Defendant's deposition testimony "did not substantially affect the ultimate findings set forth in [the expert's] report, it is equally true [sic] portion of [Defendant's] testimony was relevant to the analysis included therein since the negative effects upon Plaintiff's reputation that the Website inflicted is directly related to the scope of its dissemination and corresponding traffic.  Accordingly, Plaintiff was entitled ot obtain the transcript of [Defendant's] deposition to assist [the expert] in the preparation of his expert report." Doc. 153 at 13-14.

The Court does not agree. Generally, Plaintiff's attempt to offer additional background information—facts that were not before the Court—to show that good cause existed to support the Motion for Extension, does not demonstrate entitlement to relief under Rule 60(b)(1). As to Plaintiff's specific claim regarding mistake, the Court is not persuaded that relief from the Order is warranted because Plaintiff was delayed in filing due to the expert's error. The Court hesitates to give the ***expert's*** mistake and neglect much attention and weight in its Rule 60(b) analysis especially where, as here, it is ***Plaintiff's*** deadline.[2] In other words, the expert may have been wrong about the length of time it would take to do the report, but it was Plaintiff's responsibility to discover that mistake and timely bring it to the Court's attention.

And it is still not clear why Plaintiff's counsel was learning for the "first time" on June 20th that the report would not be completed by the June 24th deadline. Plaintiff states that he relied on the expert's "express statements" that the "report would be filed well in advance of the new deadline, June 24, 2024." Doc. 153 at 6. If that is so, June 20th is far from "well in advance" of the approaching deadline and Plaintiff should have been more diligent in making an earlier discovery as to why the expert was failing to make good on his assurances. Communication issues between parties and experts arise but the "disruption" in contact, however unforeseen, does not excuse Plaintiff's delay in waiting until June 20th to start the conferral process.

With respect to Plaintiff's claim that he inadvertently left facts out of the Motion for Extension or failed to include a legal memorandum because of "the extremely limited amount of time" Plaintiff had to file the request, the argument falls flat. Plaintiff points out that his counsel

---

[2] The Court recognizes that it may consider all relevant facts upon consideration of a Rule 60(b) motion and understands why Plaintiff refers the Court to the expert's mistake regarding the timeframe. That said, the Court's attention is on Plaintiff's own mistake in waiting to discover the expert's error which ultimately demonstrates that Plaintiff lacked diligence in meeting the deadline.

was not notified until the afternoon of Friday, June 21st—at 3:06p.m.—that Defendant's counsel objected to the request for an extension. To the extent Plaintiff implies that Defendant's counsel is somehow responsible for the delay, again, Plaintiff waited until June 20th to notice that he did not have the expert's report. Any crunch in time was Plaintiff's own doing.

Further, to the extent Plaintiff acknowledges his own inadvertence based on his absence from the office, counsel received Defendant's response hours before the close of business on Friday and waited until Monday to file. This seems like ample time to prepare a sufficient motion in compliance with the Local Rules that adequately sets forth facts to demonstrate good cause for the relief sought. Also, Plaintiff's counsel was clearly aware of the importance of the expert's report to the issue of damages and decided to wait until Monday—the last day of the deadline—to file when he was back in the office. The decision to wait even longer to bring the matter to the Court's attention—especially since the Court already granted one request for an extension—might not have been strategic but it was not diligent and does not seem inadvertent or excusable. The Court understands that an attorney's conduct or lack thereof can be inadvertent at times, but the Court is not convinced that Plaintiff should be granted the extraordinary remedy of being relieved from the Order based on the circumstances in this case.

Finally, the additional facts do not necessarily assist the Court in finding that good cause existed to extend the deadline for a second time. Taking Plaintiff's explanation as true that he was still vetting experts and could not obtain an expert report until receipt of the February 25, 2024 discovery, it remains unclear why Plaintiff was still interviewing candidates for almost two months after Defendant's production to select the expert. But even so, Plaintiff selected the expert on April 19, 2024 and again had over two months before the June 24th deadline to obtain the report. This brings the Court back to the fact that, despite the conceded importance of the report, Plaintiff

decided to wait until a few days before the already extended deadline to "learn" that the expert's report was not forthcoming. Based on the foregoing, the Court finds that there is no other reason that justifies the requested relief.

Accordingly, it is **ORDERED** that Plaintiff's Motion (Doc. 153) is **DENIED**.

**ORDERED** in Orlando, Florida on September 16, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE